# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLAND HARRIS,<br>Petitioner,<br>v.<br>DENNIS SMITH, Warden,<br>Respondent. | 1:08-cv-01064-TAG HC<br><br>ORDER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition styled as being pursuant to the All Writs Act, 28 U.S.C. § 1651.

On September 24, 2007, Petitioner filed the instant petition in this Court. (Doc. 1). At the time of filing, Petitioner was incarcerated in the United States Penitentiary, Atwater, California, which lies within the jurisdiction of this Court. The petition, brought under the All Writs Act, 28 U.S.C. § 1651, seeks the return of Petitioner's mail, which Petitioner contends was illegally seized by prison authorities on May 28, 2008. (Id. at p. 2).

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily

unconstitutional, manor. See e.g., Clark v. Floyd, 80 F.3d 371, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); U.S. v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991)(asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (9th Cir. 1990)(arguing the Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Here, Petitioner is neither challenging his conviction and sentence nor the manner, location, or conditions of the sentence's execution. Rather, he complains of conduct by prison officials in seizing his mail. Petitioner contends that the All Writs Act gives this Court jurisdiction to require that Respondent return Petitioner's mail. Petitioner is incorrect.

The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997). Since Petitioner has not provided the Court with any factual allegations that would support the exercise of federal habeas jurisdiction, the petition must be dismissed.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The petition pursuant to the All Writs Act (Doc. 1), is hereby DISMISSED for lack of jurisdiction; and

2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **October 22, 2008**

**/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE